May it please the court, my name is Janet Everson. I represent the executor and appellant Peter Knappe. The standard of review in this case is de novo and when reviewing the evidence in the light most favorable to my client, the non-moving party, we respectfully request that this court reverse the district court's decision granting summary judgment in favor of the government and remand the case back to district court for trial. And we make this request for the following two reasons. A per se rule with regard to estate tax returns that deadlines are not a matter of substantive tax advice, they are readily ascertainable, and reliance on erroneous advice from a tax professional with regard to the deadlines is not reasonable cause supporting abatement of penalties is error. And secondly, the district court improperly usurped the jury's function by deciding questions of fact that should have been reserved for the jury in terms of whether the executor. There were no historical facts in dispute, were there? The fact that was in dispute was whether Mr. Knappe reasonably relied on the advice of the professional. Was that ultimately a legal conclusion? No, Your Honor. It's not. It's based on the circumstances presented at the time of trial. Well, there's no real dispute about what happened. Everybody admits everything. That's correct, Your Honor. Correct. But if you go on and read the issues that some of the quotes from the district court's opinion reflect that the district court's view of this was that there was a duty owed by the executor to question the CPA's opinions and advice provided with regard to this extension. Well, if there was a duty, wouldn't that be a legal duty? Whether a duty existed? Yes, Your Honor. The issue of whether a duty existed is a question of law for the court to decide. It wouldn't be a question for the jury to decide. It wouldn't be a question for the jury to decide. However, the U.S. Supreme Court in United States v. Boyle held specifically that a taxpayer is not required to question the advice provided by a professional tax advisor. And in this case, the district court has not followed that precedent. In this case, the district court specifically and repeatedly stated that Mr. Knapp had an obligation, had a duty to question the advice provided to him by his CPA. And I can give you some quotes. Well, the advice wasn't you don't owe any tax. The advice was you don't owe any tax at this time. I thought the advice was that a tax return was due. Everybody recognized that a return was due, correct? Correct. And everybody understood that a return was due on a certain date. Everyone understood. To start with. To start with, yes. And everybody understood and agrees that there was a request for an extension that was made, correct? Correct. And nobody disputes the way in which the form was filled out, correct? Correct. And if you read the form, then apparently, if I'm not mistaken in the deposition, at some point he did read the form. Mr. Knapp did read the form. He did read the form. And it says six months. There's an automatic six-month extension only or something to that effect. I don't have it in front of me. You're right. The extension request does reflect that. But then the question becomes, are there other extensions available? And according to this particular tax CPA, yes, there are. Is there anything in the record that says that I advised Mr. Knapp that there was an alternative extension available or an additional extension available with respect to the filing of the return? Yes. Where is that reflected in the record? Your Honor, I would have to look through. The deposition testimony of both the CPA and the executor provides that Mr. Knapp, as the executor, understood the original filing deadline, the nine months post date of death. What he sought advice on was the issue of extensions, whether there were any available, in what form, for how long. And the CPA advised that, yes, there's a six-month automatic extension to file, but at the same time, we can request additional extension of time to file so that the time to file and the time to pay are at the same time. And that's where the confusion comes. So do you think that makes this case, if that's the case, do you think that circumstance makes this case different than United States v. Boyle? Yes, I do, Your Honor. In what way? United States v. Boyle dealt with a delegation of duty. This does not deal with a delegation of duty. There's no question in the record that Mr. Knapp relied on advice from a professional regarding a filing deadline, whether a liability was due at that particular time. That's not the same in U.S. v. Boyle. In U.S. v. Boyle, the executor handed off the information to the professional to handle it. And that's not what we have here. Well, if you read the Supreme Court wasn't too sympathetic in Boyle, correct? Right, because Boyle stands for the proposition that you cannot delegate the non-delegable duty to timely file your tax return. But the Supreme Court does consider or suggested that they would consider that in certain circumstances when we're talking about extensions of time to file, not original due dates, but with extensions of time to file under certain circumstances, reasonable cause may be found if a taxpayer or an executor relies on the advice of a professional. And I can read to you the quote. In Boyle, courts have frequently held that reasonable cause is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney, that it was unnecessary to file a return even when such advice turned out to have been mistaken. This court also has implied that in such a situation, reliance on the opinion of a tax advisor may constitute reasonable cause for failure to file a return. And then, of course, it goes to the infamous footnote number 9, where the court specifically declined to rule on that because the facts were not present in that particular case. But they are present in this case. Original filing deadlines are not ambiguous, and I understand what the courts are saying  But the question has to do with the fact that the court has not ruled on that. What's ambiguous about an automatic six-month extension? Mr. Knapp understood that there was an automatic six-month extension. It's on the face of the form. But what his advisor told him is that in addition to that, we can have another six months that will then put the tax return due at the same time that the tax liability is due. And interestingly enough And that's what his advisor testified to at his deposition? Yes. And Where can you – I don't want to put you on the spot. I don't like to do that. But maybe when the government is addressing this, you could look for that particular version of the testimony in the deposition. Sure, Your Honor. And the issue becomes whether we want to make a bright-line rule that under no circumstances – under no circumstance will deadlines for filing estate tax returns, if you rely on the erroneous advice of a professional, whether that will never be a reasonable cause for abatement. And that's not a rule that we want to make. Boyle was very clear that the government has Well, you know, lots of times, you know, clients are stuck with the negligent actions of their lawyers. And their remedy is to sue their lawyer for malpractice. Of course, Your Honor. But the reasonable cause statutes were created for the purpose of relieving a taxpayer that acts with reasonable business prudence in carrying out their duties. And that's what we have in this case. If we're to punish executors like Mr. Knapp, who acted prudently, who worked diligently to meet the deadline that his tax advisor told him to meet, and he did meet that deadline, if we're to punish executors like Mr. Knapp, then aren't we dissuading executors from hiring professionals to help them with these complex tax issues? I don't know if you could say that they have a heightened duty to keep on top of But, Your Honor when their returns are actually due. But if we punish executors like this for this particular reason, it goes against the grain for reasonable cause abatement. And it encourages or it discourages executors to hire and rely on professionals because the message is going to be you're going to have to learn to know the tax law yourself anyway. And that's not a message we want to send. It's not really that they have to learn the substantive tax law. They just need to be aware of the deadlines and not delegate that to someone else if they're the executor. Understood. And for original filing deadlines, that's clear that those are reasonably ascertainable. But when it comes to extensions of time, that differs. Why? How does it differ? How does the extension differ when it's plain on the form and in the law? When you have a tax professional that says we can have multiple extensions of time, are you required as the taxpayer to investigate that and to second-guess your professional's advice? The answer from the U.S. Supreme Court is no, you're not. And that's the situation that we have in this particular case. And interestingly enough, with extensions of time to file and pay, there's different rules associated with those with regard to estate tax returns. Even when the facts of the situation make those differences, you know, I don't know, unreasonable or it doesn't make sense that they would be separate. For example, you have I guess the idea is you can get additional time to pay because maybe you need to sell a property or whatever in the estate in order to raise the funds to pay the tax. And from the perspective of the executor, you can't ascertain the value of the estate without selling the biggest asset, which is a residence, until you sell it. And so you can't file an accurate tax return until you are able to sell it. So you get an extension of time that matches the extension of time to pay because you don't have the cash to pay until you sell that house. So logically, extensions of time to file and pay would go together under that circumstance. And in this case, you have an executor who asked the questions and who reasonably relied on the professional to guide him in this regard. All right, counsel. You're well over your time. Thank you. And we respectfully request you reverse and remand. Thank you. May it please the Court. My name is Carol Barthel, and I represent the government in this appeal. We believe that the district court correctly held that on the undisputed facts of this case, Mr. Knapp's reliance on his accountant's mistaken advice was on a clearly ascertainable  And we believe that the reason for the late filing deadline was not reasonable cause for late filing of the estate returns so as to excuse the late filing penalty. Now, we're in a little bit different situation than just the initial filing date, correct? That is correct. It's a similar situation to that which this Court faced in the Bache appeal, which I believe either directly or by reasonable extension governs this case. Why is that? Explain to me why it governs. In Bache. I understand it to be a little bit different. In Bache, this Court adopted a per se approach to extensions and deadlines. This was an appeal that was decided after the district court's opinion in the case, this case. So the district court did not have the advantage of it. In Bache, the estate's accountant had failed to file a proper extension to pay and had not filled out the form fully. And following Boyle, this Court held that the taxpayer's reliance on his accountant to file a proper extension form was not reasonable cause, that it was not the exercise. That's still a little bit different. It's similar, but it's a little bit different. And there was an extension form that was filed here. Yes, and there was an extension form that was filed in Bache. So the question is where the mistake is, is when the form, when the return was actually due. And counsel argues, well, what the tax accountant said was that it was not due for a year. There was actually, he got a one-year extension to file the return, which coincided with the time to pay the tax. The Bache accountant also said, I've got you a one-year extension to pay your tax. And, in fact, he had not done so. It's either reliance on an agent or reliance on an expert's opinion. Well, the distinction, I don't see Boyle and Bache is exactly on point with this case. But I'm wondering, I mean, what your opposing counsel is attempting to argue is that, in this case, it is substantive advice. It's not, you're not delegating the duty of filing the extension or delegating the duty of filing on time. This was advice as to the length of the extension that had been obtained. Both Bache and Boyle find that deadlines are not substantive advice. The cases that the Supreme Court distinguished in Boyle were cases where the court, the taxpayer was told that he did not have a liability and, therefore, he did not have to file. It was substantive matter. Do you have to pay a tax at all?  It was a large estate. It was a large estate, well over the minimum. Mr. Knapp knew that he had to file a return. He knew that if you file a return, there are deadlines. And if he had simply looked at the form and admitted he didn't, he would have seen that what he was requesting was the automatic six-month deadline and not the one-year one that his accountant, who admittedly got mixed up, mistakenly told him. So he calls up his accountant and he says, you know, I just want to double-check. What are my returns? What are the estate's returns due? His accountant says, well, we filed the form on time. We asked for an extension to pay. Everything is due one, you know, a year from the original due date. And he says, okay, good. A, his accountant says that he never did that. I'm just ‑‑ I didn't ask. That's not what I asked. I'm asking hypothetically. Nonetheless, he is obliged to actually ascertain what the deadlines are. So when the accountant says, we've got a year to go, he's supposed to say, well, I can't trust that advice. That's correct. I have to double-check on my own and figure out on my own when it's due. Correct. Okay, so I figure it out on my own and I figure, well, I've got two years to do this. The Supreme Court in Boyle indicated that there is a difference between filing deadlines and questions of substantive tax liability. It makes that distinction. So in your view, Boyle establishes a hard and fast rule. A hard and fast rule that when we're dealing with deadlines, filing dates, there is no reasonable cause available except those enumerated in the regulation. The Supreme Court in Boyle makes that very clear distinction. And this Court followed it in Bache. What is it? You know, the tax court that deals with these issues all the time seems to take a little bit different view than the argument you're making today. The district court in this case. I'm talking about the tax court. Yes. The district court in this case noted that LaMere's decided that under the facts of that case there was reasonable cause, that there was enough complication in the matter, there was no indication that the taxpayer could have understood it. We have an entirely different situation here, as the district court held. We have a taxpayer who admitted he could have understood it had he checked. But he didn't check. He didn't even look at the forms that were presented to him. He simply said, okay, that's it. Counsel, can you think of a reasoned basis for making the distinction between an original filing deadline and the extended filing deadline? Is there any basis that you can think of for distinguishing those two? The courts have not made any distinction, Your Honor. Those that have not had a per se rule have looked at the specific facts. But this Court in Boettcher indicated that there would be a per se rule with respect to filing deadlines, and in Boettcher it was an extension deadline. Well, I was just asking you, can you think of a reason why there would be a difference? No, there wouldn't be, Your Honor. There wouldn't be, Your Honor, particularly since the form is very clear. There are everyone who files, everyone who has to file a tax return knows there's a deadline to file it. Yeah, but whether I'm entitled to an extension is a different matter. It's a different matter. He was presenting that. So I asked my, you know, I asked my accountant, can I get, am I entitled to an extension? I mean, even if, you know, if it's after the deadline, am I entitled to an, can I get a late extension? That the ---- I don't know. I couldn't answer that. I, you know, I rely on my tax accountant to tell me what to do. At your peril, apparently. Apparently, yeah. If you didn't want to adopt a per se rule ---- I'm not a wealthy guy. I just asked my tax accountant, what do I do here? If you didn't want to adopt a per se rule, which I believe this Court did in Boettcher, you could look at the specific circumstances as the tax court did in LaMere's. But as the district court did in this case, there are simply no complications. It was a very simple, straightforward matter. Mr. Knapp admitted that if he'd looked, he would have seen, that he was ---- he just paid attention to his accountant's advice instead of checking, which he could have done simply by looking at the form that the accountant gave him. I guess all I'm thinking is that Boyle and Boettcher don't really cover this precise set of facts. And, in fact, the district court actually analyzed these facts without the benefit of Boettcher. And what the district court just found, that the forms were neither ambiguous nor particularly complex. To me, they're ---- I mean, I don't understand, frankly, why there'd be one deadline for filing and one deadline for paying when you don't know how much you're going to have to pay. How do you know how much you have to ---- what you're supposed to say on the form that you file? The district court did not have the benefit of this Court's opinion in Boettcher. It looked at the cases that were discussed in Boyle and saw that they adopted either a per se rule or that they found that in certain cases where there were a great number of complications, there was a reasonable cause for the taxpayer to have relied on his advisor. It noted that in this circuit, cases ---- case law either adopted a ---- in district court or did not adopt a per se rule. It noted that in what the district called the quotidian case, the ordinary case, this reliance was unreasonable unless there was some real complicating indication, and that in the Church of Scientology case in Dictum, this Court had suggested the per se rule. This is not ---- this is a very quotidian case. The attorney simply goofed. He had a lapse of mind. He said, 12 months is 12 months. It's for both. The accountant. I'm sorry. It is expert advisor. And it was the obligation of Mr. Knapp to make sure that was right. Okay. Well, you're over your time, counsel. Thank you. Thank you. All right. This case, Knapp v. United States, will be submitted. And we'll take up Soe v. Condis. She was going to look up something. Oh, I'm sorry. Did you look up something? What were you going to look up? Some ---- Yes, Your Honor. I mean, I'm not sure if this is exactly what you're looking for. Pages 122 and 123 of Volume 2 of the excerpts of record might give you some guidance. Pages 122. 122 to 123. Of Volume? Volume 2. Okay. What do those say? What do those pages say? It's the deposition of the CPA, Francis D. Burns, and it talks about the CPA's understanding of the six-month automatic extension of time to file and what he was requesting in terms of a 12-month extension of time to file. And that he discussed it with the executor. Okay. All right. Thank you very much. Okay. Now this case will be submitted and we'll take up Soe v. Condis.
judges: Wardlaw, Paez, Rawlinson